1
2
3
4
5
6            **UNITED STATES DISTRICT COURT**
7            **CENTRAL DISTRICT OF CALIFORNIA**
8
9    ROSE ANN FERNANDEZ,                    )    NO. ED CV 12-1851 SJO (FMO)
                                            )
10                   Petitioner,            )
                                            )
11           v.                             )    **ORDER DISMISSING PETITION AND**
                                            )    **DENYING A CERTIFICATE OF**
12   CA DEPT. OF CORRECTIONS, et al.,       )    **APPEALABILITY**
                                            )
13                   Respondents.           )
     _____  )
14

15          On October 25, 2012, Rose Ann Fernandez ("petitioner") filed a Petition for Writ of Habeas

16   Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254, purportedly

17   attacking a judgment in San Bernardino County Superior Court Case No. SBFSS89416.  (Petition

18   at 1).

19                                      **DISCUSSION**

20          "The federal habeas statute gives the United States district courts jurisdiction to entertain

21   petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or

22   laws or treaties of the United States.'"  Maleng v. Cook (Cook), 490 U.S. 488, 490, 109 S.Ct. 1923,

23   1925 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3)); see also 28 U.S.C. § 2254(a) ("[A]

24   district court shall entertain an application for a writ of habeas corpus in behalf of a person in

25   custody pursuant to the judgment of a State court only on the ground that he is in custody in

26   violation of the Constitution or laws or treaties of the United States.").   The "in custody"

27   requirement is jurisdictional, and "requir[es] that the habeas petitioner be 'in custody' under the

28   conviction or sentence under attack at the time [her] petition is filed."  Cook, 490 U.S. at 490-91,

109 S.Ct. at 1925; Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010).  This is because the writ of habeas corpus functions primarily to secure immediate release from illegal physical custody. Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833 (1973); Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560 (1968); see also Fay v. Noia, 372 U.S. 391, 430-31, 83 S.Ct. 822, 844 (1963), overruled on other grounds, Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546 (1991) (Habeas corpus "lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him.  Indeed, it has no other power[.]").

Here, to the extent comprehensible, petitioner appears to seek habeas corpus relief to annul a marriage that apparently ended in divorce on a date different than petitioner would prefer.[1] (See, e.g., Petition at 1 (stating that length of sentence was "15+ years of a fraudulent marriage. . . .), 6 ("The divorce date used is incorrect of 4-19-02.  [¶]  The correct date is 4-15-02.  Were [sic] still married.") & 7 ("I'm being forced to be married to a murdered [sic], child abuser, saintanic [sic], drug addictid [sic], alcoholic, liar, theif [sic], abuser, [and] adulterer.  This is against the law and my religion. . . .").  The relief petitioner seeks is "appointment of counsel" and her "case re-opened[,]" (Petition at 9), though she does not specify which case.

---

[1]  Petitioner also notes in passing that she was convicted of robbery and sentenced "5/5/10 thru 12/2013." (Petition at 2).  This corresponds to convictions petitioner sustained in Riverside County Superior Court Case No. RIF10000977, see People v. Fernandez, 2011 WL 3925406, at *1 (Cal. App. 4 Dist. 2011) ("In May 2010, defendant Rose Ann Fernandez entered a no contest plea to robbery and two counts of assault with a deadly weapon other than a firearm arising from an incident during which she stole her neighbor's necklace and hit her with a two-by-four board during an altercation. She also tried to hit another neighbor boy with a two-by-four board. . . .  Defendant was sentenced to the agreed-upon sentence of four years in state prison."), which petitioner is currently challenging in another habeas corpus petition now pending before this Court.  See Fernandez v. Dep't of Corrections, United States District Court for the Central District of California Case No. ED CV 12-1061 SJO (FMO) ("Fernandez I").  To the extent the current Petition could be read as challenging Fernandez I, it is duplicative and subject to summary dismissal.  See Adams v. State of California Dept. of Health Servs., 487 F.3d 684, 688 (9th Cir.), cert. denied, 552 U.S. 1076 (2007) (Dismissal of a duplicative suit is an appropriate remedy because petitioners "generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same [respondent].") (citations and internal quotation marks omitted).

1    Since habeas corpus relief is not available to annul a marriage, and as petitioner cannot

2  in any manner be said to be "in custody" as the result of a prior marriage, petitioner's habeas

3  corpus petition is frivolous and must be summarily dismissed.

4                         **CERTIFICATE OF APPEALABILITY**

5    A state prisoner seeking to appeal a district court's final order in a habeas corpus

6  proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit

7  judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial

8  showing of the denial of a constitutional right." Id. at § 2253(c)(2); accord Williams v. Calderon,

9  83 F.3d 281, 286 (9th Cir.), cert. denied, 517 U.S. 1183 (1996). "A petitioner satisfies this

10  standard by demonstrating that jurists of reason could disagree with the district court's resolution

11  of his constitutional claims or that jurists could conclude the issues presented are adequate to

12  deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct.

13  1029, 1034 (2003); see also Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04

14  (2000).

15    When a district court dismisses a petition on procedural grounds, the reviewing court should

16  apply a two-step analysis, and a COA should issue if the petitioner can show both: (1) "that jurists

17  of reason would find it debatable whether the district court was correct in its procedural ruling[;]"

18  and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of

19  the denial of a constitutional right[.]" Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

20    The Court is dismissing the Petition without prejudice because petitioner is clearly not "in

21  custody" for purposes of establishing the Court's habeas jurisdiction. As such, petitioner cannot

22  make the requisite showing "that jurists of reason would find it debatable whether the district court

23  was correct in its procedural ruling." Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

24    Based on the foregoing, IT IS ORDERED THAT the Petition is **dismissed without**

25  **prejudice** and a Certificate of Appealability is **denied**.

26

27  DATED: November 1, 2012.

                                     _____
28                                              S. JAMES OTERO
                                        UNITED STATES DISTRICT JUDGE